IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Criminal Case No. 04-cr-00229-LTB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARK JORDAN,

    Defendant.

_____

ORDER
_____

This case is before me on Defendant Mark Jordan's Motion for Writ of Habeas Corpus and For a New Trial [Doc # 385]. For the reasons set forth below, I deny the motion.

### I. Background

On August 9, 2005, a jury found Defendant guilty of one count of second degree murder in violation of 18 U.S.C. §111(a); one count of assault with intent to commit murder in violation of 18 U.S.C. §113(a)(1); one count of assault with a deadly weapon in violation of 18 U.S.C. §113(a)(1); and one count of assault resulting in serious bodily injury in violation of 18 U.S.C. §113(a)(6). Each of these charges arose out of the stabbing death of one of Defendant's fellow prisoners at the United States Penitentiary in Florence, Colorado.

Defendant now argues that he is entitled to a new trial because (1) additional DNA testing that he has requested by separate motions will purportedly produce new evidence that will identify the previously unidentifiable person whose DNA was found on instrumentalities

connected with the stabbing; (2) ineffective assistance of trial counsel; (3) denial of Defendant's right to assist trial counsel in the defense of the case because, among other things, Defendant was purportedly not given an opportunity to review the reports of his private investigator or to view videotape of the prison yard at and around the time of the stabbing; (4) several unidentified witnesses who either did not testify or testified falsely at trial because of their incarceration and fear of sanctions from the government or their fellow inmates may now be more likely to provide truthful information; and (5) other reasons to be delineated in a supplement filed upon the completion of present counsel's investigation.

Although I previously granted Defendant an extension of time to supplement his motion for a new trial pending the completion of any additional DNA testing that was authorized pursuant to other motions filed by Defendant, the relevant motions have since been denied. Defendant's motion for a new trial is therefore ripe for consideration. Additionally, because I have denied Defendant's request for additional DNA testing, the anticipated results of such testing cannot provide a basis to grant Defendant a new trial. Defendant is likewise precluded from proffering additional reasons in support of his request for a new trial by way of a supplement to this motion. I will now analyze the remaining grounds for a new trial that are set forth in Defendant's motion.

## II. Analysis

I must first address the timeliness of Defendant's motion. Pursuant to Fed. R. Crim. P 33(b)(2), "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty." Defendants' motion was filed on August 5, 2008, or almost three years after the jury returned its guilty verdict. To

the extent then that Defendant's motion is predicated on anything other than newly discovered evidence, it is untimely under Rule 33(b)(2). There is nothing in Defendant's claims of ineffective assistance of counsel and denial of his right to participate in the defense of his case to remotely suggest that these claims are predicated on "newly discovered evidence." These claims are therefore untimely under Rule 33(b)(2).

Defendant also cites 28 U.S.C. § 2255 as authority for his motion. If Defendant wishes to pursue constitutional challenges to his conviction, he must seek collateral review of the conviction in a separate proceeding. *See United States v. Haddock,* 956 F.2d 1534, 1545 (10th Cir. 1992). In any event, Defendant's claims of ineffective assistance of counsel and denial of his right to participate in the defense of his case would likewise be time-barred under the one-year time limitation of Section 2255 because final judgment was entered in this proceeding more than two years ago and there is nothing to suggest that Defendant could not have discovered the facts supporting these claims prior to this date.

Defendant's only remaining ground in support of his request for a new trial is the existence of several unidentified witnesses who either did not testify or testified falsely at trial because of their incarceration and fear of sanctions from the government or their fellow inmates but who may now be more likely to provide truthful information. "A motion for a new trial is based on newly discovered evidence is generally disfavored and 'should be granted only with great caution.'" *United States v. Gwathney,* 465 F.3d 1133, 1143 (10th Cir. 2006) (*quoting United States v. Combs,* 267 F.3d 1167, 1176 (10th Cir. 2001)). To procure a new trial based on new or different witness testimony, Defendant must show that

> (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by his own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.

*Id.* at 1144 (*quoting United States v. Sinclair,* 109 F.3d 1527, 1531 (10th Cir. 1997)).

By failing to identify a single witness who testified falsely or who would testify for the first time at a new trial or to provide any supporting evidence regarding the existence of such witnesses, Defendant has failed to make the necessary showing for a new trial based on this purportedly newly discovered evidence. Defendant's claim that he is entitled to a new trial on this basis is therefore without merit.

For these reasons, IT IS HEREBY ORDERED that Defendant Mark Jordan's Motion for Writ of Habeas Corpus and For a New Trial [Doc # 385] is DENIED.

Dated: October  28 , 2008, in Denver, Colorado.

                                                BY THE COURT:

                                                s/Lewis T. Babcock
                                                LEWIS T. BABCOCK, JUDGE