IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Criminal Case No. 04-cr-00229-LTB
Civil Action No. 08-cv-02447

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARK JORDAN,

    Defendant.

___

## ORDER

___

    This case is before me on Defendant Mark Jordan's Motion for Recusal of District Court Judge [Doc # 443]. Although Defendant was granted leave to file a reply to the motion up to and including February 27, 2009, he has failed to do so as of the date of this Order. In any event, based on the motion and the Government's response, I am sufficiently apprised in the premises to rule on the motion, which I deny for the reasons set forth below.

    Defendant's motion is filed pursuant to Rule 4 of the Rules Governing § 2255 Cases and 28 U.S.C. § 144. Rule 4 of the Rules Governing § 2255 Cases outlines the procedure for assigning and handling motions filed under Section 2255 and does not address the specific relief requested by Defendant. Section 144, 28 U.S.C., provides that a party seeking recusal should file an affidavit stating the facts and reasons for the belief that bias or prejudice exists at least 10 days "before the beginning of the term at which the proceeding is to be heard" unless good cause is shown to support a later filing.

Although Defendant's supporting "declaration" is not an affidavit, it was submitted "under penalty of perjury" with Defendant's assertion that it is "true and correct to the best of [his] knowledge, information, and belief." Under these circumstances, I reject the Government's argument that Defendant's motion should be denied based on his failure to submit a supporting affidavit. Since the circumstances of this case render it difficult to apply the timeliness requirements of Section 144, I likewise reject the Government's argument that Defendant's motion should be denied on the basis that it is untimely and proceed with an analysis of the merits of Defendant's motion.

Requests for recusal are subject to an objective standard. *United States v. Cooley,* 1 F.3d 985, 992 (10th Cir. 1993). Thus, the appropriate inquiry is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* (citations omitted). Speculation, beliefs, conclusions, innuendo, suspicion, opinion, prior adverse rulings, and familiarity with the defendant are insufficient to satisfy the requirements for disqualification of the presiding judge. *Id.* at 993-4.

Defendant first identifies adverse evidentiary rulings at trial as a basis for my recusal. As Defendant acknowledges, these rulings were upheld on appeal and there is therefore no basis to conclude that they were the result of bias or prejudice against him. Defendant next identifies a few incidents during sentencing that he contends demonstrate bias against him. These instances, however, demonstrate nothing more than necessary and appropriate credibility determinations and consideration of relevant sentencing factors. Defendant also asserts that bias is demonstrated by the fact that he received a greater sentence than any other person convicted of second degree murder in this court. With no evidence to support this assertion, it cannot

2

establish bias or prejudice against Defendant. Finally, the mere fact that I once met Bob Beauprez at a regular district judges meeting and so "know" him does not support recusal in these post-conviction proceedings particularly since Mr. Beauprez, whose campaign for governor Defendant claims to have "rallied tirelessly against," had nothing whatsoever to do with Defendant's criminal case.

Defendant also argues that the purpose of assigning Section 2255 motions to the trial judge is not served in this case based on alleged "erroneous recollections" set forth in rulings on other post-conviction motions filed by Defendant. This argument, however, fails to demonstrate bias or prejudice on my part against him and cannot serve as a basis for recusal under 28 U.S.C. § 144.

IT IS THEREFORE ORDERED that Defendant Mark Jordan's Motion for Recusal of District Court Judge [Doc # 443] is DENIED.

Dated: March  20 , 2009, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE