IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Criminal Case No.  04-cr-00229-LTB
Civil Action No. 13-cv-02881-LTB

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

MARK JORDAN,

    Defendant-Petitioner.

_____

ORDER
_____

This case is before me on Defendant's Motion for a New Trial Based on Newly Discovered Evidence of Actual Innocence [Doc # 658].  Before the merits of this motion can be addressed, I must determine whether it was timely filed.

Under Fed. R. Crim. P. 33(b)(1), a motion for a new trial based on newly discovered evidence must be filed within three years after the verdict or finding of guilty.  Defendant was convicted for the killing of David Stone in 2005.  Defendant's 2013 motion for a new trial was therefore filed well outside Rule 33's three-year deadline.  Defendant argues, however, that this deadline should be extended pursuant to Fed. R. Crim. P. 45(b)(1)(B).

Rule 45(b)(1)(B) provides that a court may extend the time in which an act must be done "for good cause" on a party's motion made "after the time expires if the party failed to act because of excusable neglect."  The only exception listed under the current version of Rule 45 is any action to correct or reduce a sentence under Fed. R. Crim. P. 35.  Fed. R. Crim. P. 45(b)(2).

On its face then, Rule 45's "excusable neglect" provision applies to motions for a new trial under Rule 33.

The relevant factors to consider in determining whether "excusable neglect" warrants an untimely filing pursuant to Rule 45(b)(1)(B) are: (1) prejudice to opposing party; (2) length of delay and potential impact on proceedings; (3) reason for delay, including whether it was in moving party's control; and (4) whether movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 396 (1993). The reason for delay is an important , if not the most important, factor in this analysis. *U.S. v. Torres,* 372 F.3d 1159, 1163 (10th Cir. 2004).

The Riker Affidavit and the new DNA testing on which Defendant's motion for a new trial are predicated were not available to him until after October of 2012 despite his ongoing efforts to establish that Riker was responsible for the death of Mr. Stone. Under these circumstances, Defendant argues that the relevant factors, in particular the reason for delay, weigh in favor of a determination that Rule 33's three-year deadline filing deadline should be extended pursuant to Rule 45(b)(1)(B).

The Government's argument that Defendant's motion is untimely focuses on the legislative history of Rule 45. The Government points out that prior to 2005, Rule 33 was listed as an exception to Rule 45's allowance of an extension of time for "excusable neglect." However, in 2005, Rule 45 was amended to delete Rule 33 as an exception to address problems stemming from Rule 33(b)(2) which addresses motions for new trial based on reasons other than newly discovered evidence and which had required the court to rule on such motions within seven days. Thus, the Government argues that it was never intended for Rule 45's "excusable neglect" provision to apply to new trial motions filed pursuant to Rule 33(b)(1) and that the

Court should therefore exercise its discretion to not allow Defendant's late filing of motion for a new trial under this rule. As further support for this argument, the Government notes that two of the factors to be considered in finding "excusable neglect," *i.e.* the reason for the delay and whether the movant acted in good faith, are inherently satisfied in cases involving newly-discovered evidence and that application of Rule 45(b)(1)(B) to motions under Rule 33(b)(1) could therefore lead the exception to swallow the rule favoring finality via a firm deadline.

As Defendant notes, the Government cites no authority to support its argument that the Court should exercise its discretion not to extend the time for the filing of Defendant's motion for a new trial based on the legislative history of Rule 45 and Rule 33(b)(1)'s overlap with the "excusable neglect" factors.

The Government also argues that Defendant has failed to demonstrate "excusable neglect" in any event. Specifically, the Government argues that apart from the factors of reason for delay and the movant's good faith which will necessarily be satisfied in all cases involving newly discovered evidence, the remaining factors, *i.e.* the prejudice to the government and the length of the delay, weigh heavily against a finding of "excusable neglect." The Government offers no specifics as to how it will be prejudiced, however, and Defendant notes that the Government is partly responsible for the length of the time that has passed since it did not charge him for Mr. Stone's death until five years after the fact.

Based on consideration of the relevant factors, I conclude that Defendant's motion for new trial should be accepted as timely pursuant to Rule 45(b)(1)(B), and the motion should be decided on its merits after an evidentiary hearing.

IT IS THEREFORE ORDERED that:

1. Defendant's Motion for a New Trial Based on Newly Discovered Evidence of Actual Innocence [Doc # 658] is accepted as timely filed; and

2. The merits of this motions will be decided following an evidentiary hearing.

Dated: January   24  , 2014, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE