IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Criminal Case No.  04-cr-00229-LTB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARK JORDAN,

    Defendant.

_____

ORDER
_____

This case is before me on Defendant's Objection to New Government Evidence [Doc # 700].  By Order dated March 21, 2014, I ordered that this motion be held in abeyance pending further briefing by the parties regarding statements Mr. Stone made after he was stabbed.  This briefing has been completed, and I now find and conclude as follows:

Before addressing whether Mr. Stone's statements after he was stabbed are admissible as dying declarations, I must determine whether these statements may be considered in the context of Defendant's motion for a new trial even though they were excluded at Defendant's original trial.  The parties have not cited any Tenth Circuit authority directly addressing this issue, and there appears to be little authority on point from other jurisdictions.

In support of its argument that Mr. Stone's statements may be considered in the context of Defendant's motion for a new trial, the government principally relies on *United States v. Kelly,* 539 F.3d 172 (3d Cir. 2008).  There, the Third Circuit stated that in determining the

credibility of a defendant's "new evidence," a district court "must weigh the proffered evidence against all of the other evidence in the record, *including the evidence already weighed and considered by the jury in the defendant's first trial*", *id.* at 189 (emphasis added), and "should take into account all of the evidence that a jury would be likely to hear and consider were the defendant granted a new trial." *Id.* at 190.  I am persuaded that this broad perspective is the proper approach and that it would be a waste of judicial resources to grant Defendant's motion without considering evidence that will have a significant impact on whether Defendant is likely to be acquitted at a new trial.  *See United States v. Gwathney,* 465 F.3d 1133, 1143 (10th Cir. 2006) (to procure a new trial based on newly discovered evidence, a defendant must show, among other things, that new evidence is of such a nature that in a new trial it would probably produce an acquittal).

Having concluded that Mr. Stone's statements after he was stabbed may be considered in the context of Defendant's motion for a new trial, I must next determine whether these statements constitute admissible evidence.   The first question in making this determination is whether Mr. Stone's statements qualify as dying declarations under Fed. R. Evid. 804(b)(2).  I previously ruled that they did, *see United States v. Jordan,* 2005 WL 513501 at *1-2 (D. Colo. March 3, 2005), and this is now the law of the case.  *See McIlravy v. Kerr-McGee Coal Corp.,* 204 F.3d 1031, 1034 (10th Cir. 2000) (under law of the case doctrine, once a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages of the same case).  Even if I did not at that time consider Defendant's argument that Mr. Stone's dying declarations should be deemed inadmissible because they reflect mere speculation on Mr. Stone's part, I find this argument unpersuasive.  *See Shepard v. United States,* 290 U.S. 96, 101-

2 (1933) (declaration may be inadmissible as dying declaration "if the setting of the occasion satisfies the judge, or in reason ought to satisfy him, that the speaker is giving expression to suspicion or conjecture and not to known facts").

Although I previously concluded that Mr. Stone's statements were dying declarations under Rule 804(b)(2), I ruled that they were nonetheless inadmissible pursuant to *Crawford v. Washington,* 541 U.S. 36 (2004) because they violated the Sixth Amendment Confrontation Clause. However, the weight of post-*Crawford* authority has read that decision as recognizing a dying declaration exception to the Confrontation Clause. *See* Peter Nicolas, *"'I'm Dying to Tell You What Happened': The Admissibility of Testimonial Dying Declarations Post-Crawford,"* 37 Hastings Const. L.Q. 487, 492 & n. 24 (Spring 2010) (collecting cases reading *Crawford* with "near anonymity" as creating a dying declaration exception to the Confrontation Clause). Indeed, the Supreme Court itself has cited *Crawford* for acknowledging that dying declarations are an exception to the Confrontation Clause. *Giles v. California,* 554 U.S. 353, 358 (2008). Under the present state of the law then, I now conclude that Mr. Stone's dying declarations are not subject to the Confrontation Clause, and I therefore need not consider the government's alternative argument that admission of these statements would not violate the Confrontation Clause because they are not testimonial in nature.

IT IS THEREFORE ORDERED that

1. Defendant's Objection to New Government Evidence [Doc # 700] is DENIED with respect to Mr. Stone's Statements after he was stabbed; and

2. The government may present evidence of these statements at a forthcoming evidentiary hearing on Defendant's motion for a new trial.

Dated: May   6  , 2014, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE